## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.  CR-25-210-JD |
| | ) | |
| BORDWINE DEVELOPMENT, INC., | ) | Violation:  42 U.S.C. § 6928(d)(2)(A) |
| | ) | |
| Defendant. | ) | |

## I N F O R M A T I O N

The United States Attorney charges:

### Introduction

At all times material to this Information:

1.      Congress enacted the Resource Conservation and Recovery Act ("RCRA"),
Title 42, United States Code, § 6901 *et seq.*, to protect human health and the environment
by requiring the proper and safe management of hazardous waste from the time it is
created until the time it is disposed of, and at all points in between. This system of
regulating the generation, treatment, storage, transportation, and disposal of hazardous
waste is commonly referred to as "cradle to grave" management.

2.      On or about January 10, 1985, the Environmental Protection Agency
("EPA") authorized the State of Oklahoma to implement the RCRA program, which
includes the authority to issue permits to store, treat, and dispose of hazardous waste, to
promulgate regulations governing the handling of hazardous waste, and to regulate its

transportation through manifests. 40 C.F.R. § 272.1851. Even though the State has such permitting and regulatory authority over hazardous waste, EPA retains enforcement authority against violations of RCRA.

3.      The term "hazardous waste" means a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical or chemical characteristics may pose a substantial hazard to human health or the environment when improperly disposed of, treated, stored, or transported. 42 U.S.C. § 6903(5). A "solid waste" is any material that is "discarded" and is not otherwise excluded by the RCRA regulations. 40 C.F.R. § 261.2(a)(1); Okla. Admin. Code 252:205-3-2(c) (incorporating 40 C.F.R. § 261 by reference into the Oklahoma Administrative Code). Discarded materials include materials that have been disposed of by being discharged, deposited, dumped, or spilled into or on the land. 40 C.F.R. §§ 261.2(a)(2) and (b), 261.10; Okla. Admin. Code 252:205-3-2(c).

4.      Solid wastes are categorized as hazardous wastes under RCRA if they demonstrate certain hazardous characteristics, including ignitability, or if the EPA has specifically listed them as hazardous. 40 C.F.R. Part 261; Okla. Admin. Code 252:205-3-2(c). Solid wastes that have a flash point of less than 60°C (140°F) exhibit the hazardous characteristic of ignitability and are categorized as hazardous wastes. 40 C.F.R. § 261.21; Okla. Admin. Code 252:205-3-2(c).

5.      Under RCRA, it is unlawful to knowingly treat, store, or dispose of any hazardous waste without a permit. 42 U.S.C. § 6928(d)(2)(A).

6. "Disposal" is defined as the "discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

7. Defendant **BORDWINE DEVELOPMENT, INC.** was a domestic for-profit business corporation registered with the Oklahoma Secretary of State. Defendant **BORDWINE DEVELOPMENT, INC**. operated out of multiple locations in and around Chickasha, Oklahoma, including 1102 Pikes Peak Road (the "Pikes Peak Facility"), 5501 South State Highway, and 1003 Quail Lane.

8. Brannan Bordwine was the sole owner of **BORDWINE DEVELOPMENT, INC.**

9. In July 2020, the manufacturer of Bersih Hand Sanitizer Gel (the "hand sanitizer") issued a recall due to potential methanol contamination. Beginning in or around October 2021, several truckloads of the recalled hand sanitizer were delivered to the Pikes Peak Facility.

10. In late November 2021, Defendant **BORDWINE DEVELOPMENT, INC.** used heavy equipment and machinery to transport and dump pallets of the recalled hand sanitizer into a burial pit in the northeast corner of the Pikes Peak Facility. While burying the recalled hand sanitizer, Defendant **BORDWINE DEVELOPMENT, INC.** caused several of the bottles to spill and leak into the ground. Defendant **BORDWINE DEVELOPMENT, INC.** then filled the burial pit with dirt and other materials. The

buried hand sanitizer had a flash point ranging from 19°C to 22.5°C (66.2°F to 71.6°F); it therefore exhibited the characteristic of ignitability and was a hazardous waste.

11.    Defendant **BORDWINE DEVELOPMENT, INC.** did not have a permit from the EPA or the State of Oklahoma to store, treat, transport, or dispose of hazardous waste.

## COUNT ONE
### (Disposal of Hazardous Waste Without a Permit)

12.    The United States Attorney incorporates by reference paragraphs 1 to 11.

13.    In or around late November 2021, in the Western District of Oklahoma,

------------------------------- **BORDWINE DEVELOPMENT, INC.** ---------------------------

knowingly disposed of hazardous waste, namely by burying and releasing multiple bottles of Bersih Hand Sanitizer Gel into, on, and under the ground, which were hazardous wastes because the Bersih Hand Sanitizer Gel exhibited the characteristic of ignitability, without a permit issued by the United States Environmental Protection Agency or the State of Oklahoma to dispose of such hazardous waste.

All in violation of Title 42, United States Code, Section 6928(d)(2)(A).

ROBERT J. TROESTER
United States Attorney

CHARLES W. BROWN
Assistant United States Attorney